**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HHS ENVIRONMENTAL SERVICES, LLC,** | § § § § | |
| *Plaintiff*, | § | |
| **v.** | § § | **CIVIL ACTION NO. 1:25-cv-00768** |
| **UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ROBERT F. KENNEDY, Jr., in his official capacity as Secretary of HHS, and MEHMET OZ, in his official capacity as Administrator of CMS,** | § § § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff HHS Environmental Services, LLC files this Original Complaint asserting claims arising out of the failure of Defendants United States of America, United States Department of Health and Human Services ("HHSC"), Secretary of HHS Robert F. Kennedy, Jr., in his official capacity, and Administrator of CMS Mehmet Oz, in his official capacity, to comply with the critical due process requirements of Section 1411 of the Patient Protection and Affordable Care Act ("ACA") (codified at 42 U.S.C. § 18081) for the allowance and payment of subsidies on state and federal health insurance Exchanges and with respect to the ACA's employer mandate.

I.      **PARTIES**

1.      Plaintiff HHS Environmental Services, LLC is an organization formed in the State of Texas with a principal place of business in Dripping Springs, Hays County, Texas. Plaintiff is a subsidiary of Hospital Housekeeping Systems, LLC and provides janitorial services for hospitals in 38 states, including Alabama, Arizona, Arkansas, Colorado, Connecticut, Florida, Georgia,

Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, and Wyoming. For ease of reference, and to distinguish Plaintiff from Defendant United States Department of Health and Human Services, Plaintiff HHS Environmental Services, LLC (hereafter referred to either as Plaintiff or by the name of its parent, "Hospital Housekeeping Systems.").

2.     Defendant United States of America is the federal government of the United States of America. Pursuant to Fed. R. Civ. P. 4(i), the United States Attorney for the Western District of Texas may be served by mailing a copy of this Complaint and the Summons by certified mail to Civil Process Clerk, U.S. Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597, and the Attorney General of the United States may be served by mailing two copies of this Complaint and the Summons by certified mail to U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

3.     Defendant United States Department of Health and Human Services ("HHS") and more particularly its sub-agency Defendant Centers for Medicare and Medicaid Services ("CMS") are the federal agency in charge of regulating state-based individual health insurance Exchanges and operating the federally-facilitated Exchange created pursuant to the ACA. HHS and CMS co-signed the regulation at 45 C.F.R. § 155.310(i), upon which the IRS relies to justify its position that Letter 226-J is a Section 1411 Certification. HHS is headquartered at 200 Independence Avenue SW, Washington, D.C. 20201. CMS is headquartered at 7500 Security Boulevard, Baltimore, MD 21244.

2

4.      Defendant Robert F. Kennedy, Jr. is the Secretary of HHS and named as a defendant herein in his official capacity as Secretary of HHS.

5.      Defendant Mehmet Oz is the Administrator of CMS and named as a defendant herein in his official capacity as Administrator of CMS.

## II.  JURISDICTION AND VENUE

6.      Plaintiff Hospital Housekeeping Systems brings Counts One, Two and Three of this suit against Defendant United States Department of Health and Human Services, its sub-agency Defendant Centers for Medicare and Medicaid Services and two of their officers under the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court's inherent equitable powers. This Court has federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises out of federal law—specifically, 26 U.S.C. § 4980H and Section 1411 of the ACA, codified at 42 U.S.C. § 18081.

7.      Plaintiff Hospital Housekeeping Systems also brings Count Four of this suit against the United States under 28 U.S.C. § 1346(a). The prerequisites of 26 U.S.C. § 7422 for a civil action against the United States have been met. As Count Four is a refund suit, it is not abrogated by the Anti-Injunction Act or the Declaratory Judgment Act. 26 U.S.C. § 7421(a); 28 U.S.C. § 2201(a).

8.      Plaintiff Hospital Housekeeping Systems paid the wrongly assessed 2018 ESRP excise tax of $975,270.00 on August 24, 2023, and it duly filed a claim for refund on Form 843 on January 11, 2024. On or about May 20, 2024, Hospital Housekeeping Systems received a statutory notice of disallowance, IRS Letter 105C. This suit is being brought within the two-year statute of limitations provided under 26 U.S.C. § 6532(a).

9.      Hospital Housekeeping Systems paid the wrongly assessed 2019 ESRP excise tax

of $1,137,187.50 on December 21, 2023, and it duly filed a claim for refund on Form 843 on January 11, 2024. Hospital Housekeeping Systems has not received a statutory notice of disallowance for the 2019 ESRP excise tax, and it has not waived its right to statutory notice of disallowance. In a non-statutory notice, Letter 5985 dated June 3, 2024, the IRS denied Plaintiff's claim for refund. More than 6 months have elapsed since Hospital Housekeeping Systems filed its Form 843 refund claim.

10.     Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1402(a)(2) because the Hospital Housekeeping Systems plaintiff's principal place of business is in Dripping Springs, Hays County, Texas.

11.     Venue is also proper pursuant to 28 U.S.C. § 1392(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

### III.        FACTS

12.     The allegations of each paragraph above are hereby re-alleged and incorporated by reference.

13.     Plaintiff HHS Environmental Services, LLC is a subsidiary of Plaintiff Hospital Housekeeping Systems, LLC and brings this civil action to (A) restore the statutory due process created by Congress in Section 1411 of the ACA, the resulting certification of which is a statutory prerequisite to the assessment ESRP excise taxes; (B) in absence of that due process, set aside each and every premium tax credit and cost-sharing reduction allowed or paid by HHS since October 17, 2013, insofar as they relate to the employers that could be penalized as a result; (C) set aside the due process sidestepping regulation 45 C.F.R. § 155.310(i) as contrary to the statutory text of the ACA and as an arbitrary and capricious exercise of agency rulemaking authority; and (D) obtain a refund for all ESRP excise tax principal payments made, plus interest assessed or accruing.

A.      **Statutory Background**

1.       The allegations of each paragraph above are hereby re-alleged and incorporated by reference.

2.       HHS failed to carry out critical elements of due process that Congress strictly required under Section 1411 of the Patient Protection and Affordable Care Act ("ACA") (codified at 42 U.S.C. § 18081) for the allowance and payment of subsidies on state and federal health insurance Exchanges (the "Exchanges," and each "the Exchange"). Specifically, employers must have received near real-time notice from HHS or the Exchange any time someone applies for subsidized Exchange coverage and asserts that the individual's (or a family member's) employer either does not provide coverage or provides coverage deemed "unaffordable" based on the individual's household income. 42 U.S.C. § 18081(e)(4)(B)(iii); 45 C.F.R. § 155.310(h) (specifying that "within a reasonable timeframe" following the determination that one of the employer's employees is eligible for subsidized coverage, the Exchange must notify the employer of such fact, among other things). Employers must also have an opportunity to appeal the Exchange's initial determination that the employee is eligible for such subsidy, including the opportunity to (1) present information to the Exchange for review of the individual's subsidy determination, and (2) have access to the data used to make the determination to the extent allowable by law. 42 U.S.C. §§ 18081(e)(4)(C), 18081(f)(2)(A); 45 C.F.R. § 155.555.

3.       The Exchange subsidy eligibility process, including its employer notice and appeal rights, was so important to Congress that it took the extraordinary step of passing a second law requiring it—Section 1001 of the Continuing Appropriations Act, 2014, Pub. L. 113-46 (Oct. 17, 2013). In the Continuing Appropriations Act, 2014, Congress did three things.

4.       First, Congress commanded that HHS "shall ensure that American Health Benefit Exchanges verify that individuals applying for premium tax credits under section 36B of the

Internal Revenue Code of 1986 and reductions in cost-sharing under section 1402 of the Patient

Protection and Affordable Care Act (42 U.S.C. 18071) are eligible for such credits and cost sharing

reductions *consistent with the requirements of section 1411 of such Act* (42 U.S.C. 18081)"—all

of Section 1411, not just part of it. *Id.* § 1001(a) (emphasis added). Moreover, Congress made clear

that this decree is mandatory notwithstanding HHS's own enabling statute and the ACA itself by

adding the phrase "[n]otwithstanding any other provision of law." *Id.* Congress made plain that

HHS had no discretion about whether or how much of Section 1411 must be observed. *See id.*

5.    Second, Congress limited HHS's legal authority to provide Exchange subsidies by

conditioning such legal authority on HHS's providing a certification to Congress. "[P]rior to

making such [subsidies] available, the Secretary [of HHS] shall certify to the Congress that the

Exchanges verify such eligibility consistent with the requirements of such Act"—"such Act" being

a reference to the ACA, and more particularly Section 1411, referenced earlier in the same sentence

of the law. *Id.*

6.     Third, Congress also required that HHS submit a report by January 1, 2014,

detailing its procedures for implementing Section 1411, and it required the Inspector General of

HHS to audit those procedures and report back by July 1, 2014. *Id.* §§ 1001(b), (c).

7.    The Exchanges did not comply with Section 1411 then, and they do not comply

now. In all the detail HHS provided in the report enclosed with and made a part of its certification

to Congress, there is not one mention of employer notices or appeals. *See* Letter from Kathleen

Sebelius, Secretary of HHS, to The Honorable Joseph R. Biden, Jr., President of the Senate (Jan.

1, 2014), *available at* https://www.cms.gov/cciio/resources/letters/downloads/verifications-

report-12-31-2013.pdf. and attached hereto as Exhibit A.  Nor is there any mention of employer

notices or appeals in the Inspector General report that Congress required. *See* Daniel R. Levinson,

Not All Internal Controls Implemented by the Federal, California and Connecticut Marketplaces Were Effective in Ensuring that Individuals Were Enrolled in Qualified Health Plans According to Federal Requirements, Dept. of Health and Human Services Office of Inspector General (Jun. 2014), *available at* https://oig.hhs.gov/documents/audit/9388/A-09-14-01000-Complete%20Report.pdf. and attached hereto as Exhibit B.

8.    HHS did not implement those processes and merely neglect to mention them in its certification. A 2018 Congressional Research Service report would later find that no employer notices had ever been given until 2016 when HHS only implemented them on a limited, trial basis. Julie M. Whittaker, The Affordable Care Act (ACA): Notifying an Employer of a Potential Shared Responsibility Payment (ESRP), C.R.S. Doc. No. IN10904, at 2 (May 16, 2018) and attached hereto as Exhibit C.  Though it had finalized regulations for employer due process in July of 2013, HHS had done virtually nothing to implement them, and HHS did not mention them in any certification or report that Congress required.

9.    More than a decade has passed since Congress doubled down on its insistence that HHS comply with the requirements of Section 1411, and there has been little or no follow-through. Based upon information and belief, no employer notices have been given nor any appeals offered on the federal Exchange since 2016; only a small number of the state Exchanges provide them, and they only do so occasionally. By all accounts, HHS has never "ensure[d] that American Health Benefit Exchanges verify that individuals applying for premium tax credits under section 36B of the Internal Revenue Code of 1986 and reductions in cost-sharing under section 1402 of the Patient Protection and Affordable Care Act (42 U.S.C. 18071) are eligible for such credits and cost sharing reductions *consistent with the requirements of section 1411 of such Act* (42 U.S.C. 18081)." Continuing Appropriations Act, 2014, Pub. L. 113-46 (Oct. 17, 2013), § 1001(a) (emphasis

supplied).

10.    In addition to providing Congress a certification that completely failed to consider important employer due process aspects of Section 1411—an arbitrary and capricious act, HHS proceeded to dole out hundreds of billions of dollars of taxpayer money in Exchange subsidies without observing the due process that Congress twice required—first in the ACA itself and *again* in the Continuing Appropriations Act, 2014. Having failed to observe such statutorily required due process, each and every subsidy that HHS has allowed since October 17, 2013, was arbitrary and capricious insofar as it relates to the employers that could be penalized as a result.

11.    If the only effect of skipping this statutorily required due process was that HHS handed out more subsidies than it should have and erroneously depleted the United States Treasury, employers may have less reason for concern. But there are significant downstream consequences to employers if their employees are allowed or paid any subsidies, and due process is therefore critical.

12.    The statute providing for the ACA's employer mandate—an excise tax referred to by Treasury and the Internal Revenue Service as the "Employer Shared Responsibility Provisions" or "Employer Shared Responsibility Payments" ("ESRP")—has only two prerequisite elements, and one of them is that "1 or more full-time employees ... has been *certified to the employer under section 1411 of the Patient Protection and Affordable Care Act* as having enrolled [in Exchange coverage] with respect to which a [subsidy] is allowed or paid with respect to the employee." 26 U.S.C. §§ 4980H(a)(2), 4980H(b)(1)(B) (emphasis added).

13.    While Section 1411 does not use the word "certify" for anything that is to be provided to an employer, Internal Revenue Code ("Code") Section 4980H is unmistakably clear that something must have happened in the past with respect to an employer *under* Section 1411,

and Section 1411 clearly requires that employers be afforded notice and an opportunity to appeal.

14.    The only rational conclusion that any agency could have reached is that the certification required by Code Section 4980H is either the employer notices required by Section 1411 or the result of the employer notice-and-appeal due process required by Section 1411. In other words, the employer due process required by Section 1411 is a prerequisite to the assessment of ESRP excise taxes.

15.    Notwithstanding that there might be some interpretive challenges to reconcile ACA Section 1411 and Code Section 4980H, HHS clearly understood the linkage between the employer due process requirements of Section 1411 and the ESRP excise tax because it acknowledged this fact in the preamble to its January 2013 proposed regulations:

> We note that other sections of the Exchange final rule and the proposed regulation ensure that eligibility determinations are being made based on the most accurate information available regarding enrollment in an eligible employer-sponsored plan and eligibility for qualifying coverage in an eligible employer-sponsored plan. Specifically, in § 155.310(h), we specify standards for providing employers with a notice alerting them of their employee's eligibility for advance payments of the premium tax credit or cost-sharing reductions. Further, in § 155.555, we propose a process through which employers can appeal the finding that an employee's coverage is unaffordable or does not meet minimum value. The verification procedures presented in this section along with these notice and appeals provisions will ensure that employers can challenge eligibility determinations for advance payments of the premium tax credit that are made based on the Exchange's findings about the coverage they offer to their employees. *This entire system, taken together, ensures that consumers and employers are protected from adverse consequences of inaccurate determinations.*

78 Fed. Reg. 4594, at 4641 (Jan. 22. 2013) (emphasis added).

16.    But, in virtually the same breath as HHS said that this statutorily required system of due process "ensures that consumers and employers are protected from adverse consequences of inaccurate determinations," HHS attempted to sever the protections from the adverse consequences. *Id.* at 4636. Rather than accomplish or reference anything "under section 1411 of the [ACA]," and without any statutory authority, HHS issued a regulation at 45 C.F.R. § 155.310(i)

giving the Internal Revenue Service ("IRS") the responsibility for issuing such "certifi[cations] to the employer under section 1411 of the [ACA]," and stating that the IRS would issue the certifications "[a]s part of its determination of whether an employer has a liability under section 4980H of the Code"—i.e., the excise tax assessment process that would not occur until many years after the fact.

17.     By then it will be too late. By issuing certifications at the point in time when the IRS determines an employer's liability under Section 4980H, employers are deprived of the opportunity to challenge an individual subsidy's eligibility as required by Section 1411 due process. An individual's subsidy eligibility is not an element of the ESRP excise tax statute. Under Code Section 4980H, a subsidy merely needs to have been "allowed or paid," even if such allowance or payment was in error or based on false or misleading information. The only time an employer is entitled to question an individual's subsidy eligibility is during the Section 1411 due process that Congress has twice made clear is required and that HHS has still failed to implement.

18.     Complicit in this scheme of HHS's to sever the due process required by Section 1411 from the "certifi[cations] to the employer under section 1411 of the [ACA]" that are required by Code Section 4980H, the IRS declared that one of its own letters—Letter 226-J, the first letter in the ESRP excise tax assessment process—will double as the required Section 1411 certification, notwithstanding the fact that Letter 226-J has absolutely nothing to do with Section 1411 of the ACA whatsoever and cannot possibly be considered a "certifi[cation] to the employer *under* section 1411 of the [ACA]."

19.     Since the inception of the Exchanges, HHS has disregarded the law, and the IRS has acted complicity.

**B.      Defendants Deprived Plaintiff Of The Required Employer Due Process.**

20.      The allegations of each paragraph above are hereby re-alleged and incorporated by reference.

21.      In 2018 and thereafter, Hospital Housekeeping Systems was (and presently still is) subject to the ACA as an "applicable large employer group" being part of a Code Section 414 controlled group with more than 50 full-time equivalent employees. Since at least 2018, Hospital Housekeeping Systems has offered minimum essential coverage providing minimum value to virtually all of its full-time employees and their dependents, and in 2018 and 2019 it offered such coverage at a cost to employees of only $215.86 per month for self-only coverage.

22.      At no time ever—not in 2016, 2017, 2018, 2019 or since—did Hospital Housekeeping Systems receive any notice that one of its employees was allowed or paid an Exchange subsidy from HHS or from any Exchange operated in any of the 38 states in which Hospital Housekeeping Systems operates. Similarly, no Exchange subsidy appeal rights have ever been afforded to Hospital Housekeeping Systems.

23.      The first time Hospital Housekeeping Systems learned that its employees obtained subsidized Exchange coverage was on or about May 14, 2021, when the IRS issued Letter 226-J for the 2018 tax year, more than three (3) years after November 2017 when open enrollment began for 2018 Exchange coverage and two (2) years after December 2018 when the last employee could theoretically have sought 2018 Exchange coverage. In that letter, the IRS communicated that the IRS (not HHS) was making the Section 1411 certification, that it was doing so by and through such Letter 226-J, and that it was "proposing" to assess an ESRP excise tax under 26 U.S.C. § 4980H in the amount of $1,363,580.00 on account of 571 of Hospital Housekeeping Systems' employees getting subsidized Exchange coverage.

24.    The volume of employees and the excise tax amount were a shock. Based on how the ACA said employees were supposed to be eligible—household incomes between 100% and 400% of the federal poverty level—an employee contribution of $215.86 per month would only be deemed unaffordable for an extremely narrow band of household incomes. (In states that did not expand Medicaid, like Texas: For a 1-person household, $12,060 to $27,095.40. For a 2-person household, $16,240 to $27,095.40. For a 3-person household, $20,420 to $27,095.40. For a 4-person household, $24,600 to $27,095.40. For a 5-person household, no one. In states that did expand Medicaid, the bands are narrower.) Something was clearly amiss with the Exchanges.

25.    In its dispute with the 4980H Unit of the IRS, Hospital Housekeeping Systems raised the issue of subsidy eligibility and household income, and the IRS voluntarily reduced the penalty to $975,270.00.

26.    But the voluntary reduction did not address the excise tax amount issue, and Hospital Housekeeping Systems could not formally challenge any individual's subsidy eligibility because their eligibility is not an element of Code Section 4980H (only whether a subsidy is "allowed or paid"). The only opportunity to formally challenge subsidy eligibility was during the Section 1411 employer due process that should have occurred in late 2017 and 2018 when employees were applying for 2018 Exchange coverage, but which never happened.

27.    Hospital Housekeeping Systems raised the issue of lack of due process and the resulting lack of a Section 1411 certification with the IRS. But in the course of administrative proceedings, the IRS stated that "Department of Health and Human Services (HHS) regulations at 45 C.F.R. § 155.310(i) provide that as part of its determination of whether an employer has a liability under section 4980H of the Internal Revenue Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more

12

months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid. The Letter 226J is the ALE's certification under section 1411 of the Affordable Care Act."

28.     Even if Letter 226-J is a general "certifi[cation] to an employer that one or more employees has enrolled for one or more months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid," that is not the element under 26 U.S.C. § 4980H that must be satisfied.

29.     To impose an ESRP excise tax requires something far more specific: one or more employees who work at least 30 hours per week must be "certified *to the employer under section 1411 of the [ACA]* as having enrolled for such month in a qualified plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee." 26 U.S.C. §§ 4980H(a)(2), 4980H(b)(1)(B) (emphasis supplied). The phrase, "under Section 1411," modifies "certified to the employer;" it is not a reference to anything having to do with an employee.

30.     The reference in 26 U.S.C. § 4980H to that which must be provided to an employer under Section 1411 of the ACA is critical because it is a direct reference to the specific due process requirements that Congress twice required of HHS but HHS has failed to implement.

31.     Letter 226-J is not and cannot ever be a Section 1411 certification.

32.     Neither HHS nor the IRS have taken any corrective action. HHS continues to hand out Exchange subsidies without any statutorily required employer due process, and the IRS continues to ignore the statutory language of Section 1411. In a Letter 226-J dated February 18, 2022, the IRS proposed an ESRP excise tax for tax year 2019, which Hospital Housekeeping Systems disputed on the same income ineligibility and lack of due process grounds, but which the

IRS ultimately finalized in the amount of $1,137,187.50. In a letter dated January 4, 2023, the IRS proposed an ESRP excise tax for tax year 2020, which Hospital Housekeeping Systems disputed, but which the IRS recently finalized in the amount of $915,472.82. (Hospital Housekeeping Systems intends to pay the 2020 ESRP excise tax, file a Form 843 refund request, wait the required 6 months and initiate litigation, if necessary.) In a letter dated December 29, 2023, the IRS proposed an ESRP excise tax for tax year 2021, which Hospital Housekeeping Systems disputed, but which the IRS finalized in the amount of $944,279.03. (Hospital Housekeeping Systems has filed an appeal with the IRS Independent Office of Appeals, which is pending.)

33.     Importantly, by the time the IRS sent its first Letter 226-J purporting to be a Section 1411 certification, every single one of these tax years had either passed or in the case of 2021 was nearly halfway over. Had the due process required by Section 1411 been followed and the resulting certification issued, Hospital Housekeeping Systems would have been alerted to the failures of HHS's processes for verifying eligibility and then adjusted its employee contributions as soon as the start of the 2019 plan year, avoiding ESRP excise taxes for that and future years.

**C.     The Harm To Plaintiff Is Redressable.**

34.     The allegations of each paragraph above are hereby re-alleged and incorporated by reference.

35.     Justiciable controversies have arisen regarding whether Defendants' actions and inactions have deprived Plaintiff of the statutory due process created by Congress in Section 1411 of the ACA, the resulting certification of which is a statutory prerequisite to the assessment ESRP excise taxes; whether the absence of that due process resulted in employers being penalized by each and every premium tax credit and cost-sharing reduction allowed or paid by HHS since October 17, 2013; whether 45 C.F.R. § 155.310(i) is contrary to the statutory text of the ACA and

an arbitrary and capricious exercise of agency rulemaking authority; whether Plaintiff is entitled to a refund for all ESRP excise tax principal payments made, plus interest assessed or accruing.

36.     The harm to Plaintiff is redressable. Aside from ordering refunds for 2019 and 2020, the declaratory relief Hospital Housekeeping Systems seeks would make it much more likely that the IRS Independent Office of Appeals would grant Hospital Housekeeping Systems' pending appeals, and the IRS would be much more likely to grant Hospital Housekeeping Systems' pending Form 843 refund claims, obviating the need for litigation. (Upon information and belief, the United States Department of Justice has instructed the IRS Independent Office of Appeals not to grant any ESRP excise tax appeals on the grounds that no Section 1411 certification has been provided until such time as a federal court has ruled on the question.)

37.     The declaratory relief Hospital Housekeeping Systems seeks would also make it far less likely that the IRS assesses ESRP excise taxes in the first place. The IRS first "proposes" an ESRP excise tax, to which the taxpayer can respond by providing information to the 4980H Response Unit of the IRS. With the declaratory relief that Hospital Housekeeping Systems seeks, it can show the 4980H Response Unit of the IRS that due process has not been followed and that a prerequisite to the imposition of ESRP excise taxes has not been met, and it will be much more likely that the 4980H Response Unit accepts the argument and does not finalize any assessment of the excise tax. Aside from defending excise tax assessments, the declaratory relief that Hospital Housekeeping Systems seeks would require HHS to reexamine its failure to include employers in the subsidy eligibility process. The due process that Congress required has inherent value. First, knowing what it now knows about HHS' and the IRS' lax verification of income and employer coverage, the Section 1411 due process would allow Hospital Housekeeping Systems to challenge an individual's subsidy eligibility by providing HHS or the Exchange additional information on

the employee's household income, introducing a "variance" that HHS regulations would require the Exchanges to consider, thereby improving the integrity of the subsidy process. Second, it would provide valuable real-time information to Hospital Housekeeping Systems on its ESRP excise tax exposure, enabling Hospital Housekeeping Systems to make adjustments to its plan before the tax year is over. The declaratory relief that Hospital Housekeeping Systems seeks would give HHS no choice but to revisit its choice to leave employers out of the process Congress required and make the policy choice to either implement that process or accept that the employer mandate is unenforceable and effectively defunded.

### IV.    COUNT ONE Administrative Procedure Act – HHS's Certification to Congress Was Arbitrary and Capricious

38.    Hospital Housekeeping Systems incorporates herein all statements and allegations contained in this Complaint.

39.    The APA empowers courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This includes when "the agency has … entirely failed to consider an important aspect of the problem." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

40.    By August of 2013, HHS had finalized its Exchange due process regulations, including regulations providing for employer notices and appeals under Section 1411. 77 Fed. Reg. 18310, at 18357 (Mar. 27, 2012); 78 Fed. Reg. 54070, at 54113-54116 (Aug. 30, 2013). But by this time, HHS had also made up its mind to completely sever all employer due process from employer excise tax liability. 78 Fed. Reg. 42160, at 42250 (Jul. 15, 2013). A few months later, in October of 2013, as the ACA's Exchanges were about to come online, Congress modified HHS's legal authority to make Exchange subsidies available. Specifically, HHS would not have authority

to make Exchange subsidies available unless it certified to Congress that the Exchanges properly verify individuals' eligibility for subsidies.

> Notwithstanding any other provision of law, the Secretary of Health and Human Services (referred to in this section as the ''Secretary'') shall ensure that American Health Benefit Exchanges verify that individuals applying for premium tax credits under section 36B of the Internal Revenue Code of 1986 and reductions in cost-sharing under section 1402 of the Patient Protection and Affordable Care Act (42 U.S.C. 18071) are eligible for such credits and cost sharing reductions consistent with the requirements of section 1411 of such Act (42 U.S.C. 18081), and, prior to making such credits and reductions available, the Secretary shall certify to the Congress that the Exchanges verify such eligibility consistent with the requirements of such Act.

Continuing Appropriations Act, 2014, § 1001(a).

41.    On January 1, 2014, just as the first subsidies would start to flow out, HHS provided its certification, a part of which was the detailed report on Exchange subsidy eligibility determination procedures that Congress also required. Employer due process was nowhere to be found. Having already severed all employer due process from the adverse consequences of inaccurate subsidy determinations that may befall employers, HHS had completely failed to consider employer due process when making its certification to Congress, as further evidenced by the complete lack of any notices to employers until 2016 when HHS first attempted a limited trial run. Julie M. Whittaker, The Affordable Care Act (ACA): Notifying an Employer of a Potential Shared Responsibility Payment (ESRP), C.R.S. Doc. No. IN10904, at 2 (May 16, 2018).

42.    HHS's certification to Congress is a "final agency action" reviewable under the APA because it represented the consummation of HHS's decision-making concerning the Exchange subsidy eligibility determination process at the point in time when Congress had conditioned HHS's legal authority to provide Exchange subsidies on its compliance with the ACA's procedural requirements. Moreover, legal consequences flow from its action of providing Congress such certification. HHS could not legally make Exchange subsidies available until it had

issued the certification, and it is the mere allowance or payment of such a subsidy that triggers employer excise tax liability under Code Section 4980H.

43.     Having completely failed to consider important aspects of the problem—i.e., employer due process when determining individuals' eligibility for Exchange subsidies, which Congress had expressly required (twice)—HHS's certification must be set aside, held unlawful and given no legal effect. As a result, HHS has had no legal authority to provide subsidies on the Exchanges since October 17, 2013, and thus all such subsidies must also be set aside and given no legal effect insofar as such subsidies relate to the employers that may be liable for ESRP excise taxes.

### V.     COUNT TWO - Administrative Procedure Act – HHS Allowed Exchange Subsidies Without Observance of Procedure Required by Law

44.     Hospital Housekeeping Systems incorporates herein all statements and allegations contained in this Complaint.

45.     The APA empowers courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

46.     Congress twice required HHS to provide specific notice and appeal due process rights for employers during the process for determining an individual's eligibility for subsidized Exchange coverage—once in the ACA itself and *again* in the Continuing Appropriations Act, 2014—and Congress specifically required that this due process be in addition to any ESRP excise tax due processes. 42 U.S.C. § 18081(f)(2)(A) ("Such process shall be in addition to any rights of appeal the employer may have under subtitle F of [Title 26].").

47.     Each allowance of an Exchange subsidy for an individual is a "final agency action" reviewable under the APA because it represented the consummation of HHS's decision-making

concerning such individual and because legal consequences flow from that action. Again, the mere allowance or payment of even a single Exchange subsidy can trigger an employer's excise tax liability under Code Section 4980H.

48.     Hospital Housekeeping Systems has never received any notice from HHS or an Exchange or been afforded any appeal rights by HHS or an Exchange, as required by Section 1411 of the ACA.

49.     Therefore, each and every Exchange subsidy allowed or paid by HHS or any Exchange must be set aside insofar as such subsidies relate to the employers that may be liable for ESRP excise taxes.

## VI.    COUNT THREE - Administrative Procedure Act – HHS Regulation 45 C.F.R. § 155.310(i) Conflicts with Statute

50.     Hospital Housekeeping Systems incorporates herein all statements and allegations contained in this Complaint.

51.     The Administrative Procedure Act ("APA") empowers courts to "hold unlawful and set aside agency action, findings, and conclusions found to be … in excess of statutory jurisdiction, authority, or limitations" or "otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (C).

52.     In issuing the HHS regulation at 45 C.F.R. § 155.310(i), HHS completely "misconceive[s] the law" and therefore it "may not stand." *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943). The regulation conflicts with Section 1411 of the ACA in that it purports to sever the "certifi[cations] to the employer under section 1411 of the [ACA]" that are required by Code Section 4980H from Section 1411 itself. All of Section 1411 concerns the real-time determination of an individual's eligibility for Exchange subsidies. Nothing in Section 1411—or any other provision of the ACA in Title 42—authorizes HHS to create a certification program that is outside of the functions Congress gave to HHS in Section 1411—certainly not a certification program that

would not happen until years later during the excise tax assessment process. If anything, Congress made it clear that the Section 1411 processes were not to be part of the excise tax process. *See* 42 U.S.C. § 18081(f)(2)(A) ("The Secretary shall establish a separate appeals process for employers who are notified under subsection (e)(4)(C) that the employer may be liable for a tax imposed by section 4980H of title 26…. Such process shall be in addition to any rights of appeal the employer may have under subtitle F of [Title 26]."); *see also, e.g.*, 26 U.S.C. § 7803(a)(3)(E), (e)(4).

53.    Moreover, HHS has unlawfully delegated to the IRS the issuance of "certifi[cations] to the employer under section 1411 of the [ACA]" without statutory authority to do so. In crafting Section 1411, Congress began by establishing that the buck stops with HHS. 42 U.S.C. §§ 18081(a) ("The Secretary [of HHS] shall establish a program meeting the requirements of this section"). Then, Congress permitted HHS to make certain specific delegations to state agencies running state-based Exchanges, and Congress vested other, limited direct authority in those Exchanges. *Id.* §§ 18081(d), (e)(4), (f)(2)(A)(i). The only conceivable delegation that Congress permitted HHS to make to Treasury is the hearing of appeals of an individual's eligibility for government-funded Exchange subsidies, which can be heard by "one of such other Federal officers." *Id.* § 18081(f)(1). Congress did not permit HHS or any Exchange to make any delegation of their employer-related functions whatsoever. The HHS regulation at 45 C.F.R. § 155.310(i) was, quintessentially, a delegation, and the statute Congress wrote does not allow for it.

54.    This due process sidestepping regulation is therefore in excess of statutory authority and not in accordance with law. *See, e.g., Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013) ("It is a basic tenet that 'regulations, in order to be valid, must be consistent with the statute under which they are promulgated.'").

55.     HHS regulation 45 C.F.R. § 155.310(i) must therefore be set aside as void *ab initio*

and given no legal effect, including with respect to ESRP excise taxes under Code Section 4980H.

5 U.S.C. § 706(2).

## VII.    COUNT FOUR
### Refund Claim for Illegally Assessed 2018 and 2019 ESRP Excise Taxes

56.     Hospital Housekeeping Systems incorporates herein all statements and allegations

contained in this Complaint.

57.     Under 26 U.S.C. §§ 4980H(a)(2) and 4980H(b)(1)(B) and the implementing

regulations, an employer is only liable for an ESRP excise tax if it has received a Section 1411

certification.

58.     The ACA requires that any certification under Section 1411 of the ACA be issued

by HHS or an Exchange.

59.     Hospital Housekeeping Systems received no Section 1411 certification from HHS

or any Exchange with respect to 2018, 2019 or any other year.

60.     No IRS Letter 226-J that Hospital Housekeeping Systems received could ever

constitute a Section 1411 certification.

61.     Accordingly, Hospital Housekeeping Systems plaintiff HHS Environmental

Services, LLC is not liable for any ESRP excise taxes for 2018 or 2019, and it should be refunded

$975,270.00 in ESRP excise tax payments for the 2018 tax year, $1,137,187.50 in ESRP excise

tax payments for the 2019 tax year and any associated interest assessed on those amounts, plus

interest and costs.

62.     Moreover, the IRS's position is not substantially justified. The statutory language

of the ACA is clear that the certification required by Code Section 4980H can only be issued "under

Section 1411 of the [ACA]," and that those certifications are part of a process that is to occur in

reasonable proximity to an individual's application for subsidized individual coverage from either one of the state Exchanges or the federally-facilitated Exchange. The process concocted by the IRS and HHS deprives employers—and deprived Hospital Housekeeping Systems—of critical statutory due process, and it is an unjustifiable position. Therefore, Hospital Housekeeping Systems should be awarded its litigation expenses, including attorney's fees, expenses and costs.

## VIII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Hospital Housekeeping Systems requests a declaratory judgment in its favor and against Defendants HHS, CMS, Secretary Kennedy, and Administrator Oz and that:

A.    Sets aside the January 1, 2014, certification to Congress provided by HHS as arbitrary and capricious pursuant to the APA, 5 U.S.C. § 706(2)(A), and issue a declaratory judgment declaring the same to be universally void *ab initio* insofar as it relates to the ACA's employer mandate;

B.    Sets aside all Exchange subsidies allowed or paid by HHS since October 17, 2013, as having been allowed or paid without legal authority and issue a declaratory judgment declaring the same to be universally void *ab initio* insofar as it relates to the ACA's employer mandate;

C.    Sets aside each and every Exchange subsidy allowed or paid with respect to a Hospital Housekeeping Systems employee since October 17, 2013, as having been allowed or paid without observance of procedure required by law pursuant to the APA, 5 U.S.C. § 706(2)(D), and issue a declaratory judgment declaring the same to be void *ab initio* insofar as it relates to the ACA's employer mandate;

D.    Sets aside and hold unlawful HHS regulation 45 C.F.R. § 155.310(i) as contrary to statute, an abuse of discretion and contrary to law pursuant to the APA, 5 U.S.C. § 706(2)(A), (C), and issue a declaratory judgment declaring the same to be universally void *ab initio*;

E.    Permanently enjoins, nationwide, Defendants HHS, CMS, Secretary Kennedy and Administrator Oz from delegating to the IRS the Section 1411 employer due process or its resulting certification or otherwise creating "a certification program … consisting of methods adopted by the Secretary of Treasury" for purposes of Code Section 4980H;

F.    Finds that HHS was not substantially justified and awarding Hospital

Housekeeping Systems its attorney's fees, expenses, and costs; and

G.    Awards Hospital Housekeeping Systems such other relief as the Court may deem just and proper.

FURTHER, Plaintiff Hospital Housekeeping Systems requests a declaratory judgment

against the United States of America:

A.    Compelling the IRS to refund $975,270.00 in ESRP excise tax payments for the 2018 tax year, $1,137,187.50 in ESRP excise tax payments for the 2019 tax year and any associated interest assessed on those amounts, plus interest at the applicable underpayment rate, plus costs;

B.    Finding that the IRS's position was not substantially justified and awarding Hospital Housekeeping Systems its attorney's fees, expenses, and costs; and

C.    Awarding such other relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Taylor J. Winn*
Taylor J. Winn
Texas  Bar No. 24115960
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, TX 76102
(817) 878-9366
(817) 878-9280
taylor.winn@kellyhart.com

Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6400
kelly.ransom@kellyhart.com

David LeFevre (Texas Bar No. 24072202)
(*Pro Hac Vice* Motion forthcoming)
Christine Vanderwater (Texas Bar No. 24137259)
(*Pro Hac Vice* Motion forthcoming)
**LEFEVRE LAW PC**
1302 Waugh Dr #189
Houston, TX 77019
4201 Main St, Ste 200-153

Houston, TX 77002
(713) 581-1987
(832) 225-2289
david@erisafire.com
christine@erisafire.com

**ATTORNEYS FOR PLAINTIFF**